ORDERED in the Southern District of Florida on Aug 23, 2012



John K. Olson, **Judge**
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| **In re**: | Case No. 11-10064-BKC-JKO |
| Elizabeth T. **Stager**, | Chapter 13 |
| Debtor. _____/ | |
| **In re**: | Case No. 11-13712-BKC-JKO |
| Tiffanie N. **Hamm**, | Chapter 7 |
| Debtor. _____/ | |
| **In re**: | Case No. 11-23100-BKC-JKO |
| Amir & Naila Amir **Naseer**, | Chapter 13 |
| Debtors. _____/ | |
| **In re**: | Case No. 11-23409-BKC-JKO |
| Garry M. **Isabelle**, | Chapter 13 |
| Debtor. _____/ | |

-1-

**In re:**

    Nestor **Rubio**,

        Debtor.
_____/

Case No. 11-25366-BKC-JKO

Chapter 7

**In re:**

    Jeffrey **Fye**,

        Debtor.
_____/

Case No. 11-35898-BKC-JKO

Chapter 7

### ORDER ON JULY 18, 2012 SHOW CAUSE HEARING

On April 27, 2012, this court entered a common Order Sanctioning Attorney in each of these six cases which: (1) suspended Johnny Kincaide, Esq. from practice in the United States Bankruptcy Court, Southern District of Florida; and (2) directed Mr. Kincaide to disgorge all fees received in connection with each of these six cases (to the extent not already disgorged) and file *detailed* certifications of compliance in each case within twenty-eight days of order entry. Mr. Kincaide did not timely file the certifications he was ordered to file, or file motions for extensions of time, or timely take any action of record. The court accordingly entered a common Order to Show Cause in all six cases directing Mr. Kincaide to appear on July 18, 2012 and explain why he should not be adjudged in civil contempt of this court for noncompliance with the sanctions order.

At the July 18th show-cause hearing, Mr. Kincaide stated that he owes nothing to some of his former clients because he previously disgorged fees, and that he is unable to disgorge fees to other former clients due to poverty. Mr. Kincaide further argued that the automatic stay of 11 U.S.C. § 362(a) protects him from being adjudged in contempt here because: (1) he filed his certification regarding compliance on July 13, 2012, such that the only outstanding civil contempt

is partial failure to disgorge; and (2) this monetary noncompliance is not excepted from automatic stay protection under § 362(b)(4).

Having reviewed the text of § 362(b)(4) and the records of these cases, the court concludes that Mr. Kincaide's outstanding noncompliance with this court's April 27, 2012 Order Sanctioning Attorney is entirely monetary. Enforcement of the disgorgement provisions of that order is stayed by 11 U.S.C. § 362(a), and the July ~~11~~ 18, 2012 Order to Show Cause is discharged without further sanction. Former clients of Mr. Kincaide who have not received the full amount of disgorgement ordered by this court on April 27, 2012 should file claims in Mr. Kincaide's personal bankruptcy case in front of Judge Kimball, which is Case No. 12-16885-EPK (Bankr. S.D. Fla.).

## So Ordered.

### # # #

*The Clerk of Court is directed to docket this common order is all six of the above-captioned cases and provide copies via NEF & BNC to all interested parties registered to receive notice in those cases.*